## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UJUCHRIS OKEREH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1552 (RJL) |
| | ) | |
| | ) | |
| DONALD C. WINTER, | ) | |
| SECRETARY OF THE NAVY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S ANSWER TO THE COMPLAINT

Defendant Donald C. Winter, in his official capacity as the Secretary of the Navy, by its undersigned attorneys, answers Plaintiff's Complaint as follows:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over Plaintiff's Complaint because Plaintiff did not timely commence this action in accordance with Fed.R.Civ.P. 3 under 42 U.S.C. §2000e-16 ( c).

### Third Affirmative Defense

Defendant denies each and every allegation contained in the Complaint except as hereinafter may be expressly admitted.

### Specific Responses

Because the Complaint is not numbered and pled in accordance with Fed.R.Civ.P. 10(b), Defendant will respond by the Complaint's subject heading as follows:

**Complaint**

1. Defendant admits that the Department of the Navy is a Federal government employer in Washington, D.C.

2. Defendant admits that the Honorable Donald C. Winter is the Secretary of the Department of the Navy.

3. Defendant is without information sufficient to admit or deny the allegation that complaint was originally filed on May 7, 2007 and was returned as "Leave (sic) to fife (sic) is DENIED."

4. Defendant is without information sufficient to admit or deny the allegation that Plaintiff was advised that he may "refilled" (sic) if still interested.

5. Defendant admits Plaintiff was employed on February 22, 2004, by the Defendant as a Logistic Management Specialist, GS-0346-13, Installation and Logistics (I&L) Department, Department of the Navy until his removal on March 6, 2006.

6. The sentence beginning "For known years in my life in the United States of America. . ." contains Plaintiff's characterization of his claims and his legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant lacks knowledge or information sufficient to respond to this sentence, except to deny that Maj Rudolf Webbers unlawfully discriminated against Plaintiff.

7. Defendant is without information sufficient to admit or deny the allegation that Plaintiff filed a grievance with the agency Equal Employment Opportunity Commission Counselor on January 31, 2006.

8. Defendant admits Plaintiff filed an appeal to the Merit Systems Protection Board on or about March, 2006.

9.  Defendant admits Plaintiff filed an appeal to the Equal Employment Opportunity

Commission (EEOC) on or about April 13, 2006.

8.   Defendant admits the EEOC issued Plaintiff a written notification dated February 8, 2007,

informing Plaintiff of his right to file a civil action.

**The beginning of the discrimination**

1.  This section contains Plaintiff's characterizations of his claims and his legal conclusions to

which a response is not required.   To the extent that answers are required, Defendant denies

Plaintiff's characterizations and legal conclusions.

2.  Defendant specifically denies Plaintiff's allegations of discriminatory treatment contained

within this section.

3.  Defendant admits that Plaintiff was a black civilian employee with the Department of

Navy.

4.  Defendant is without sufficient knowledge or information to admit or deny the remaining

allegations in this section.

**Exclusion and Ostracism from Workplace Social Functions and Casual Interactions with Co-Workers**

1.  This section contains Plaintiff's characterizations of his claims and his legal conclusions to

which a response is not required.   To the extent that answers are required, Defendant denies

Plaintiff's characterizations and legal conclusions.

2.  Defendant specifically denies Plaintiff's allegations of discriminatory treatment contained

within this section.

3.  Defendant is without sufficient knowledge or information to admit or deny the remaining

allegations in this section.

**Unwarranted Grammatical and Spelling Revision**

1.  Defendant admits that on at least one occasion, Lt.Col. David J. Eskelund drafted and revised a document in Lt. Col. Eskelund's office, while in Plaintiff's presence.

2.  The remaining allegations in this section contains Plaintiff's characterizations of his claim and his legal conclusions to which a response is not required.   To the extent that answers are required, Defendant denies Plaintiff's characterizations and legal conclusions.

3.  Defendant specifically denies Plaintiff's allegations of discriminatory treatment contained in this section.

4.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in this section.

**The Proposal for Removal is Unwarranted and Itself, Discrimination**

1.  This section contains Plaintiff's characterizations of his claims and his legal conclusions to which a response is not required.   To the extent that answers are required, Defendant denies Plaintiff's characterizations and legal conclusions.

2.  Defendant admits that significant grammatical and spelling errors in Plaintiff's documents and memorandums reflected poor work from Plaintiff and demonstrated Plaintiff's unsuccessful performance to Lt.Col. Eskelund.

3.  Defendant admits that Lt.Col. Eskelund made corrections to written work product to other employees under his supervision.

4.  Defendant specifically denies Plaintiff's allegations of discriminatory treatment contained within this section.

5.  Defendant is without sufficient knowledge or information to admit or deny the remaining

allegations in this section.

**Mockery of Accent**

1.  Defendant admits that Plaintiff's work-space was located adjacent to Lt.Col. David J. Eskelund's office.

2.  The remaining allegations in this section contains Plaintiff's characterizations of his claims and his legal conclusions to which a response is not required.   To the extent that answers are required, Defendant denies Plaintiff's characterizations and legal conclusions.

3.  Defendant specifically denies Plaintiff's allegations of discriminatory treatment contained within this section.

4.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in this section.

**Meeting on or about June, 2005**

Defendant denies the allegations contained in this section.

**Hostile Work Environment**

1.  Deny.

2.  Deny.

3.  Deny.

4.  Deny.

5.  Deny.

6.  Deny.

7.  Deny.

8.  Deny.

9.  Deny.

10.  Deny.

11.  Defendant is without sufficient knowledge or information to admit or deny this

allegation.  12.  Deny.

13.  Deny.

14.  Defendant denies Plaintiff was removed from Federal service on March 3, 2006, and

avers that Plaintiff was removed from Federal service effective March 6, 2006.  Defendant

denies Plaintiff's removal was motivated by discrimination or was done in violation of

Whistle Blower protections.

**Sufferings**

1.  This section contains Plaintiff's characterizations of his claims and his legal conclusions to

which a response is not required.   To the extent that answers are required, Defendant denies

Plaintiff's characterizations and legal conclusions.

3.  Defendant is without sufficient knowledge or information to admit or deny the allegations

in this section.

2.  Defendant specifically denies Plaintiff's allegations of discriminatory treatment contained

within this section.

**Relief**

Defendant denies that Plaintiff is entitled to the relief prayed for or to any relief whatsoever.

Defendant avers that any award of compensatory damages would be subject to and limited to 42

U.S.C. § 1981a, and that any relief would be limited by 42 U.S. C. § 2000e-5(g)(2)(B).

**CONCLUSION**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that this

civil action be dismissed with prejudice.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
 RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
555- 4th Street, NW
Washington, D.C.  20530
(202) 307-6078

Of Counsel for the Navy:
Lt. Col Eric M. Lyon


## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November, 2007, I caused the foregoing to be
served by first class mail, postage prepaid, to plaintiff *pro se*:

Ujuchris Okereh
12107 Woodwind Lane
Mitchellville, Maryland 20721-4128
((301) 768-7698

_____/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney