IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UJUCHRIS OKEREH                )<br>                                               )<br>           Plaintiff,                     )<br>                                               )<br>v.                                            )<br>                                               )<br>                                               )<br>DONALD C. WINTER,          )<br>SECRETARY OF THE NAVY )<br>                                               )<br>           Defendant.                  )<br>_____) | Civil Action No. 07-1552 (RJL) |

**DEFENDANT'S REPLY TO PLAINTIFF'S
RESPONSE FOR SUMMARY JUDGMENT**[1]

**Introduction**

On April 13, 2006, Plaintiff filed a complaint against Defendant Donald C. Winter, in his official capacity as the Secretary of the Navy, alleging employment discrimination due to race, national origin, and color after he was terminated from his job. On November 20, 2006, the Equal Employment Opportunity Commission (EEOC) dismissed Plaintiff's complaint. On February 8, 2007, the EEOC issued a final agency decision against Plaintiff which informed him, among other things, of his right to file a civil action in federal court within ninety (90) calendar days of receipt of the decision. On August 31, 2007, more than 200 days after the EEOC decision, Plaintiff filed a civil action with the U.S. District Court in Washington, D.C. (Dkt. 1). On April 9, 2008, Defendant moved for a summary judgment because Plaintiff's Complaint was untimely. On May 16, 2008, in his opposition, Plaintiff wrote that:

---

[1] Though Plaintiff refers to his pleading as a "response," Defendant will consider the pleading as an opposition to its motion for summary judgment.

On or about May 07, 2007, Plaintiff filed this case, stamped received on May 7, 2007 at the U.S. District Court - with "Application to proceed without prepayment of fees and affidavit" promptly due to Plaintiff being unemployed. Sometime in August 2007, Plaintiff received complaint by mail that the "Application to proceed without prepayment of fees and affidavit" was denied. Plaintiff went back to the court to verify what next to do and was advised in person at the court the he may re file with the applicable fee it still interested. Plaintiff went further and refilled complaint with applicable fee and as stipulated in the Rev. 4/06, Pro Se Pd./ Attorney. (Pl. Opp. at 2).

In reply, this Court should grant summary judgment for Defendant because Plaintiff's Complaint was not filed timely.

### **Legal Principles**

Federal employees may only bring Title VII lawsuits if they file within 90 days of receipt of notice of final administrative action. 42 U.S.C. § 2000e-16(c); Mondy v. Secretary of the Army, 845 F.2d 1051 (D.C.Cir. 1998). The 90-day requirement operates as a statute of limitations rather than as a jurisdictional bar, id. at 1057, and as such is "subject to equitable doctrines of waiver, estoppel, and tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Although the court may thus toll the statute of limitations in "extraordinary and carefully circumscribed instances," Mondy, 845 F.2d at 1057, in the absence of a recognized equitable consideration, "the court cannot extend the limitations period by even one day." Anderson v. Local 201 Reinforcing Rodmen, 886 F.Supp. 94, 97 (D.D.C.1995) (citation omitted); see also, e.g., Smith v. Dalton, 971 F.Supp. 1 (D.D.C.1997) (dismissing suit filed 91 days after plaintiff received final agency decision).

The plaintiff has the burden of pleading and proving the existence of equitable reasons for the failure to meet the time limit for filing suit in the district court. Saltz v. Lehman, 672 F.2d 207, 209 (D.C. Cir. 1982). A court may properly allow tolling where, among other things, "a

2

claimant has received inadequate notice . . . ." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984).  The Supreme Court in Baldwin cautioned, however, that congressionally mandated time requirements "for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Id. at 152.  Courts have "been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990).  A plaintiff must have exercised due diligence and the excuse for the delayed filing must be "more than a garden variety claim of excusable neglect." Wiley v. Johnson, 436 F. Supp. 2d 91 (D.D.C. 2006), quoting Battle v. Rubin, 121 F. Supp. 2d 4, 8 (D.D.C. 2000).

The Clerk of the Court will not accept a complaint for filing that is not accompanied by a filing fee until the Court has granted a petition for leave to proceed in forma pauperis (IFP). El v. Beldon, 360 F.Supp. 2d 90, 92 (D.D.C. 2004).  The time between the Clerk's receipt of the IFP application and the Court's ruling on that application is tolled for purposes of the statute of limitations.  See Washington v. White, 231 F.Supp. 2d 71, 75 (D.D.C. 2002); Guillen v. National Grange, 955 F.Supp. 144, 145 (D.D.C. 1997) (tolling 90-day limitations period upon presentation of complaint accompanied by petition to proceed *in forma pauperis*).  After the IFP issue is resolved, the limitations period resumes running from the point when the IFP application was denied.  See Baker v. Henderson, 150 F.Supp. 2d. 17, 21 (D.D.C. 2001); McCall v. United States Marshals Service, 36 F. Supp. 2d 3, 5 (D.D.C. 1995).

**Argument**

Plaintiff's complaint was filed outside the statute of limitations.  The EEOC issued its final agency decision in Plaintiff's case on February 8, 2007 (Dkt # 8, Exhibit J ).  The certificate

3

of mailing attached to the decision states "the Commission will presume that this decision was received within five (5) calendar days after it was mailed." (Id.).  Therefore, the presumed receipt date by Plaintiff was February 13, 2007.[2]  Therefore, the ninetieth day from the presumptive receipt date was May 14, 2008, the deadline to file any civil action.  Seven days before the deadline, on May 7, 2007, Plaintiff filed an application for IFP with the Court.  The IFP application tolled the deadline filing date until the court ruled on it.  Two weeks later, on May 21, 2007, the Court denied Plaintiff's IFP request.  As a result, Plaintiff had seven days remaining from the 90 days deadline, or until May 28, 2007, to file a civil action.  Because May 28, 2007, was a federal holiday (Memorial Day), pursuant to Fed.R.Civ. 6(a) Plaintiff had an extra day, May 29, 2008, to file his complaint.  Furthermore, assuming that Fed.R.Civ. 6(d) applies, Plaintiff would have received three additional days for the mailing of the IFP, thus moving the deadline date to June 1, 2007.  But cf. Derrington-Bey v. Dep't of Corrections, 39 F.3d 1224 (D.C. Cir. 1994).  But, Plaintiff filed his civil action on August 31, 2007, ninety-one days after June 1, 2007.  As a result, the Complaint should be dismissed.

This Court can equitably toll the statute of limitations, however, Plaintiff has not pleaded any facts for this Court to allow Plaintiff to receive, in essence, two "90-day" filings periods to file a civil action.  Plaintiff contends that inadequate notice was the reason for this tardiness when he states that "[s]ometime in August 2007, Plaintiff received [his IFP denial] by mail" (Opp.at 2).  However, there are rebuttable presumptions that "a notice provided by a government agency has been mailed on the date shown on the notice," and that "a mailed document is

---

[2]   Plaintiff may have received the decision earlier, however, Defendant will give Plaintiff the benefit of the doubt.

received three days after its mailing." Celestine v. Gold Crest Care Center, 495 F.Supp.2d 428, n.3 (S.D.N.Y. 2007)(citing Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525-526 (2d Cir.1996).  See also, Mincer v. Whitmore, 2003 U.S. App. LEXIS 14480, (D.C. Cir., 2003) (unpublished) (Plaintiff presumed to receive notice of EEOC decision granting right to file in district court "soon" after it was mailed); see Colbert v. Potter, 2005 WL 3273571 * 4 (D.D.C. July 28, 2005)(citing Powell v. Wash. Metro. Area Transit Auth., 238 F. Supp. 2d 160, 163 (D.D.C. 2002) (courts within this circuit routinely presume that notice of an administrative decision is received three days after it is dispatched by regular mail).  Moreover, "general claims that mail is sometimes delayed will not be sufficient to rebut the presumption [the mail was received with three days].  We have experienced mail delays on occasion; but a general claim of occasional delay is not sufficient to prove that a particular letter was not delivered on time." Payan v. Aramark Management Services Limited Partnership, 495 F.3d 1119, 1126 (7th Cir. 2007).  Thus, there is a rebuttable presumption that when the federal judge signed the order denying the IFP on May 21, 2007, the clerk's court in Washington, D.C., mailed the notice to Plaintiff on the same day and it arrived at Plaintiff's address in Mitchellville, Maryland three days later, on or about May 24, 2007, and not "sometime in August."[3]  Plaintiff has not rebutted the presumption that the notice of his IFP arrived by three days, or on about May 24, after the judge signed the order.

Furthermore, Plaintiff's actions concerning his Complaint does not rise to the level of due diligence for this Court to grant any equitable tolling.  In Baker v. Henderson, 150 F. Supp. 2d

---

[3]     It should be noted that Plaintiff's address on the EEOC certificate of mailing is the same address that Plaintiff lists for his Complaint, 12107 Woodwind Lane, Mitchellville, MD 20721- 4128.

17, (D.C. 20001), the plaintiff filed an IFP within the 90-day limitations period. Three weeks later the plaintiff returned to the clerk's office to check on the application status and learned that her IFP file had been both misplaced and denied. Seven days after learning about the denial the plaintiff filed her complaint. The federal judge in <u>Baker</u> found that "plaintiff was very diligent in pressing her action." <u>Id</u> at 22. In contrast, assuming Plaintiff is correct, which Defendant does not concede, with seven days remaining on the 90 days issued by EEOC, Plaintiff took no additional action for several months to learn the status of his application until he received notice by mail allegedly on an "unknown" date in "August." Unlike in <u>Baker</u>, this Court can not find that Plaintiff was "diligent in pressing [his] action." <u>Id</u>. at 22. As a result, Plaintiff has not provided this Court with any "extraordinary" reasons to toll the statute of limitation. <u>Mondy</u>, 845 F.2d at 1057.

**Conclusion**

For the above stated reasons, summary judgment should be granted to Defendant.

Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4220
Washington, D.C. 20530

Dated: May 23, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Reply was made by mail via first class postage, this 23rd May 2008 to:

Ujuchris Okereh
12107 Woodwind Lane
Mitchellville, Maryland 20721

/s/_____
Blanche L. Bruce
Assistant United States Attorney