UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UJUCHRIS OKEREH | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Case No. 07-cv-1552 (RJL) ) ) |
| DONALD C. WINTER, SECRETARY OF THE NAVY | ) ) ) |
| Defendant. | ) |

MEMORANDUM OPINION
(March 6, 2009) [#8]

Ujuchris Okereh, the plaintiff, appears *pro se* and alleges his employer discriminated against him based on his race, national origin, and color, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* His employer, the Secretary of the Navy, filed a Motion for Summary Judgment on the grounds that Mr. Okereh filed his complaint untimely. This Court agrees and GRANTS the Navy's summary-judgment motion.

BACKGROUND

Mr. Okereh is a Nigerian-born black man and was employed as a Logistic Management Specialist for the United States Department of the Navy from February 2004 through March 2006. (*See* Compl. at 1.) On March 6, 2006, the Navy fired Mr.

Okereh for "unacceptable job performance." (Def.'s Statement of Material Facts Not in Dispute at ¶ 2.) Mr. Okereh filed an employment-discrimination complaint with the Merit Systems Protection Board (the Board) claiming he was fired based on his race, national origin, and color. (*Id.* at ¶ 3.) The Board affirmed the Navy's decision to fire Mr. Okereh and later denied his petition for review. (*Id.* at ¶ 6.)

Mr. Okereh appealed to the Equal Employment Opportunity Commission (EEOC), and the EEOC dismissed his appeal. (*Id.* at ¶ 8.) The EEOC also dismissed his EEOC-filed complaint and his request for reconsideration. On February 9, 2007, the EEOC issued a final agency decision stating Mr. Okereh had "the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that [he] receive[d] this decision." (Pl.'s Ex. B at 3.)

May 7, 2007, 87 calendar days after the EEOC issued the final agency decision, Mr. Okereh filed an Application to Proceed Without Prepayment of Fees and Affidavit, or *in forma pauperis* (IFP) with this Court. (*See* Pl.'s Ex. C.) Mr. Okereh attached a complaint alleging employment discrimination to his IFP application. The Court denied Mr. Okereh's IFP application two weeks later, on May 21, 2007. Mr. Okereh did not pay the requisite fees or file his complaint with this Court until Aug. 31, 2007, which was 203 calendar days after the EEOC issued its final agency decision. (Compl. at 1 (date stamp noting date filed).)

2

The Navy filed a motion for summary judgment asserting it is entitled to relief because Mr. Okereh did not file his complaint within 90 days after the final agency decision. Mr. Okereh responded after this Court issued a Fox-Neal Order informing him of the federal and local requirements.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling upon a motion for summary judgment, this Court draws all reasonable inferences in favor of Mr. Okereh, as the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, Mr. Okereh "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Amiri v. Stoladi Prop. Group*, 407 F. Supp. 2d 119, 123 (D.D.C. 2005) (internal quotation and alteration omitted). The Court will also construe Mr. Okereh's filings liberally, as he filed this action *pro se*. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

## DISCUSSION

The Navy moves for summary judgment on the ground that Mr. Okereh's complaint was filed untimely based on the requirements of 42 U.S.C. § 2000e-5(f)(1). This section provides that when the EEOC dismissed Mr. Okereh's charge, the EEOC

notified him he could file suit against the Navy within 90 days. *See* 42 U.S.C. § 2000e-5(f)(1). Courts adhere strictly to the 90-day requirement, even in cases where the plaintiff is a *pro se* litigant. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (noting that courts cannot disregard the procedural requirements "out of a vague sympathy for particular litigants" and upholding the dismissal of a *pro se* plaintiff's complaint because it was filed six days after the expiration of the 90-day period); *Smith v. Dalton*, 971 F. Supp. 1, 3 (D.D.C. 1997) (granting employer's motion for summary judgment when the *pro se* plaintiff filed the complaint 91 days after receiving the final agency decision).

Nevertheless, this requirement is subject to equitable tolling in "extraordinary circumstances," *Amiri*, 407 F. Supp. 2d at 124, such as when the Court is reviewing IFP petitions. *Washington v. White*, 231 F. Supp. 2d 71, 75 (D.D.C. 2002) (noting the "substantial body of case law holding that the ninety day period is tolled between the time a complaint and an application to proceed *in forma pauperis* are received by the Court, and the time the Court rules on the application"); *Guillen v. Nat'l Grange*, 955 F. Supp. 144, 145 (D.D.C. 1997) (applying equitable tolling to the 90-day period based on "administrative delay associated with the Court's review of petitions to proceed *in forma pauperis*").

The 90-day requirement begins when plaintiffs receive the EEOC's final agency decision. Courts have presumed plaintiffs receive decisions either three or five days after

their issuance. *See* Fed. R. Civ. P. 6(e) (providing three days); *Baldwin County Welcome Ctr.*, 466 U.S. at 148 (presuming a plaintiff received notice of a right-to-sue letter three days after it was issued); *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 n.3 (D.C. Cir. 1998) (applying *Baldwin*'s three-day rule to a plaintiff's receipt of a right-to-sue letter); *Anderson v. Local 201 Reinforcing Rodmen*, 866 F. Supp. 94, 97 (D.D.C. 1995) (noting the presumptive date of receipt of a right-to-sue letter is three or five days after its issuance).

This presumption can be rebutted by "sworn testimony or other admissible evidence" indicating the notice was received later. *Sherlock v. Montefiore Med. Ctr.*, 84 F. 3d 522, 526 (2nd Cir. 1996); *see also Williams v. First Government Mortg. and Investors Corp.*, 225 F.3d 738, 751 (D.C. Cir. 2000) (affirming a district court's determination that the plaintiff failed to rebut a presumption of delivery in light of the plaintiff's inconsistent testimony and the plaintiff's failure to offer any "evidence of non-delivery beyond his trial testimony"). "[G]eneral claims that mail is sometimes delayed will not be sufficient to rebut the presumption." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1126 (9th Cir. 2007).

In this case, the EEOC issued the final agency decision on February 8, 2007. Using the most generous presumption of five days, the Court presumes Mr. Okereh received it February 13. Thus, absent any equitable tolling, Mr. Okereh had until May 14, 2007, to file his complaint with this Court.

This date is adjusted, however, as the 90-day requirement is subject to equitable tolling because Mr. Okereh filed his IFP application before the 90-day period expired. Equitable tolling applies between the day Mr. Okereh filed his IFP application on May 7, 2007, and the day he received the Court's denial. *See Washington*, 231 F. Supp. 2d at 75. The Court issued its denial of his IFP application on May 21, 2007. Applying the most generous presumption, Mr. Okereh received the Court's denial on May 26, 2007.

Although Mr. Okereh claims in his pleadings he did not receive the IFP denial until "[s]ometime in August 2007," (Pl.'s Resp. to Def.'s Mot. for Summ. J. at 2.), Mr. Okereh does not submit sworn testimony or other admissible evidence to support this claim. Instead, Mr. Okereh relies only "on allegations or denials in [his] own pleading," which is impermissible under Federal Rule of Civil Procedure 56(e). *See* Fed. R. Civ. P. 56(e)(2) (establishing a party opposing a summary-judgment motion "may not rely merely on allegations or denials in its own pleading," but must "by affidavits . . . set out specific facts showing a genuine issue for trial"). Mr. Okereh's assertion alone is insufficient to rebut the presumption he received the IFP denial on or before May 29, 2007. *See Sherlock*, 84 F. 3d at 526; *see also Williams*, 225 F.3d at 751.

The 90-day requirement was thus tolled for 19 days, between the filing of the IFP application on May 7 and the presumptive receipt of the denial on May 21. Tolling the 90-day requirement for 19 days resulted in a new deadline of June 2. Because June 2 was a Saturday, Mr. Okereh had until Monday, June 4, 2007, to file his complaint. Mr.

Okereh, however, did not file his complaint until August 31, 2007, 85 days *after* the 90-day time period *expired*. (*See* Compl. at 1.)

While Mr. Okereh attached a complaint to his IFP application, which was filed within the 90-day time period, this is insufficient to commence the action and provide notice to the defendant for purposes of the 90-day requirement. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); *Amiri*, 407 F. Supp. 2d at 124 ("The Clerk of the Court will not accept a complaint for filing that is not accompanied by a filing fee until the Court has granted a petition for leave to proceed *in forma pauperis*."); *Truitt v. County of Wayne*, 148 F.3d 644, 645 (6th Cir. 1998) (finding a plaintiff who submitted her complaint with her IFP application within the 90-day time frame nevertheless did not comply with the requirement because she did not pay the filing fee within 90 days); *Jarrett v. US Sprint Commc'ns, Co.*, 22 F.3d 256, 259 (10th Cir. 1994) (holding that the filing date did not relate back to the date the plaintiff submitted the IFP application, even though the complaint was attached to the application); *see also Baldwin County Welcome Ctr.*, 466 U.S. at 149 (holding a plaintiff who filed her complaint after the 90-day requirement expired could not avoid a dismissal by filing a right-to-sue letter within the 90-day time period).

Because Mr. Okereh failed to file his cause of action within 90 days of receiving the final EEOC decision, this Court will GRANT Defendant's Motion for Summary Judgment. An Order consistent with the foregoing accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge