## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UJUCHRIS OKEREH,** )<br><br>**Plaintiff,** )<br><br>)<br><br>**v.** )<br><br>Raymond Edwin Mabus, Jr., Secretary )<br>Department of the Navy, )<br><br>)<br>**Defendant.** ) | **Civil Case No. 07-1552(RJL)**<br><br>**FILED**<br>OCT 21 2015<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia |

### SUPPLEMENTAL STATEMENT OF REASONS
(October 19, 2015)

    This case has a long procedural history and, for the sake of economy, I will recount only the relevant portions of the record. On November 14, 2014, our Circuit Court remanded this case for a statement of reasons for my denial of plaintiff Ujuchris Okereh's ("plaintiff") request for reconsideration of this Court's Order dismissing his case. Order [Dkt. #41]. On March 25, 2015, I issued a Statement of Reasons substantiating my actions. *See* Stmt. of Reasons [Dkt. #42]. On September 2, 2015, after reviewing this Court's submission, our Circuit Court once again remanded the case, this time for a supplemental statement of reasons "addressing appellant's argument that two days' notice for a *pro se*, out-of-state plaintiff was insufficient" notice of a scheduled hearing. Order [Dkt. #43]. In compliance with the Circuit Court's order, the following is my Supplemental Statement of Reasons addressing the sufficiency of the notice given to plaintiff in advance of the August 23, 2013 hearing.

I.      **Notice of the August 23, 2013 hearing was reasonably calculated to inform plaintiff of his duty to appear**

Plaintiff initiated this action on August 31, 2007 but failed, for many years, to appropriately litigate his claims, prompting this Court to issue two orders directing plaintiff to show cause why his action should not be dismissed. *See* Order [Dkt. #24]; Order [Dkt. #27]. In his May 22, 2013 response to one such Order to Show Cause, *see* [Dkt. #27], plaintiff requested that he be "advised of a fair hearing in amicable manners or by any means of amicable resolution and settlement in a fairly manners," which this Court interpreted as a request for a status conference. *See* Resp. to Order of Court at 2 [Dkt. #28]. Thereafter, at 6:22AM on August 19, 2013, this Court docketed notice of a status conference for August 23, 2013, giving plaintiff, in effect, four days' notice of his duty to appear. *See* Aug. 19, 2013 Min. Order. Aware that plaintiff was proceeding *pro se*, Court staff made several attempts to contact plaintiff by phone, but because the telephone number plaintiff had supplied was defunct, Court staff was forced to rely on paper notice alone. The Court duly mailed plaintiff notice of the hearing after its attempts to contact plaintiff by telephone failed. *See* [Dkt. #30]. Although plaintiff was informed of the hearing by his family on August 23, 2013, *see id.*, he made no effort to submit a written request to reschedule the hearing. The Court therefore held the hearing, as scheduled, on August 23, 2013. *See* Aug. 23, 2013 Min. Order. Plaintiff did not attend. *See id.*

The Court notes, as an initial matter, that plaintiff was not *entitled* to a hearing. The decision to hold a pre-trial status hearing is a matter entrusted to the Court's

discretion.  The Court here chose to grant plaintiff's request and gave plaintiff reasonable

notice of its decision.  As the record makes clear, notice of the hearing was docketed four

full days in advance of the scheduled conference.  *See* Aug. 19, 2013 Min. Order.

Ordinarily, this is sufficient notice of a hearing.  Indeed, a trip from plaintiff's residence

in Delaware to the District of Columbia takes a matter of several hours, giving him *ample*

time to travel to the Court.

   This case is, however, complicated by the fact that plaintiff does not have ECF

credentials.  As previously stated, the Court took pains to notify plaintiff, by telephone,

of his duty to appear.  The Court's inability to reach plaintiff resulted not from any

missteps by Court staff, but rather from plaintiff's own failure to comply with the local

rules.  It is incumbent on *all* civil litigants, *pro se* and otherwise, to give the Court their

proper contact information.  Local Civil Rule 5.1 states that: "If the party is appearing pro

se, the [case] caption shall also include the party's telephone number."  LCvR 5.1.

"Notice of change in address or telephone number of . . . a party not represented by an

attorney ***must*** be filed within 14 days of the change."  *Id.* (emphasis added).  The rule

makes clear that "[u]nless changed by notice filed with the Clerk, the address and

telephone number of a party . . . noted in the first filing shall be ***conclusively taken*** as the

last known address and telephone number of the party."  *Id.* (emphasis added); *see also*

LCvR 11.1 (same).  This, plaintiff did not do.  Although the Court is mindful that *pro se*

litigants are given "more latitude than litigants represented by counsel" to comply with

federal procedural rules, *see Moore v. Agency for International Development*, 994 F.2d

874, 876 (D.C. Cir. 1993), this solicitude is not carte blanche to, as plaintiff evidently did

here, ignore the rules in their entirety, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (solicitude is not "license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure"). Plaintiff's failure to timely update the Clerk of his *correct* telephone number made it impossible for the Court to expediently notify him of the August 23, 2013 hearing. The Court, as a result, had to rely on mail service, which by plaintiff's own admission, was promptly effected. *See* [Dkt. #30].

Thus, taken together, the four days advance docketing of the hearing, the Court's repeated attempts to reach plaintiff by phone, and the Court's prompt written notice to plaintiff of his obligation to appear, were reasonably calculated to timely inform him of the scheduled hearing.

**II.   Even if the Circuit Court finds that notice of the August 2013 hearing was insufficient, plaintiff was not prejudiced because the Court scheduled a subsequent hearing and gave plaintiff nearly a month's advance notice.**

The Court, cognizant of its prior difficulty reaching plaintiff, as well as of the special solicitude afforded to *pro se* plaintiffs, scheduled a subsequent hearing for September 20, 2013, giving plaintiff nearly one month's notice of his duty to appear. *See* Aug. 23, 2015 Min. Order. Despite this lengthy advance notice, plaintiff failed, once again, to attend the hearing, prompting the Court to dismiss his case. *See* Order [Dkt. #29]. The Court therefore took, in its judgment, extraordinary pains to ensure that plaintiff was not prejudiced by any deficiencies in the notice relating to the prior hearing.

Accordingly, for all the foregoing reasons, the Court submits that the notice provided to plaintiff was sufficient and non-prejudicial.

RICHARD J. LEON
United States District Judge